UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

D-1   GAYLE HASSAN AL-SAID

Defendant.
_____/

Case: 2:15-cr-20339
Judge: Cleland, Robert H.
MJ: Grand, David R.
Filed: 06-09-2015 At 04:35 PM
INDI USA V. AL-SAID (DA)

Vio: 18 U.S.C. § 1343

# INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
(18 U.S.C. § 1343 – Wire Fraud)

D-1   GAYLE HASSAN AL-SAID

1. From approximately March 2010 until at least November 2011, in the Eastern District of Michigan, Southern Division, and elsewhere, **Gayle Hassan Al-Said**, defendant herein, did knowingly and with intent to defraud devise and carry out a scheme to defraud and obtain

- 2 -

money by means of false and fraudulent pretenses, representations, and promises.

2. It was a part of the scheme that **Gayle Hassan Al-Said** would represent herself to potential investors as the chairman and CEO, and sometimes owner, of two financial institutions, Sovereign Capital Savings, SA, or SCSSA, which she represented was located in Panama, and Swedish Commerce Savings and Loan EF. She would also represent that Sovereign Capital Savings and Swedish Commerce Savings and Loan had substantial assets.

3. It was also a part of the scheme that **Gayle Hassan Al-Said** would represent to potential investors that she would invest their funds in, among other things, private placements, short-term bonds or notes, and in an organization providing humanitarian services in Africa. In addition, she would promise them large returns in very short periods of time.

4. It was also a part of the scheme that **Gayle Hassan Al-Said** would represent to investors that their funds would be transferred to and held in attorneys' trust accounts at banks, and that she had

established trust accounts for their benefit at SCSSA, providing them with non-existent SCSSA account numbers.

5. It was also a part of the scheme that **Gayle Hassan Al-Said** would cause almost all of the investors' funds to be transferred to and through attorneys' bank accounts, including attorney-client trust accounts, and to and through a bank account she controlled in the name of the SCSSA Trust.

6. It was also a part of the scheme that **Gayle Hassan Al-Said** would not invest the investors' funds in private placements, short-term bonds or notes, an organization providing humanitarian services in Africa, or any other kind of investment. Instead, she used those funds for other purposes, including but not limited to paying her attorneys' fees; making a $100,000.00 down payment and a $5,000.00 escrow payment on a $4 million house in California; converting the funds to cash; transferring money to her daughter; paying for stays at lavish hotels in London and Zurich; paying for travel between the United States and Europe; paying for expensive merchandise at Harrods; and paying credit and debit card charges.

7. It was also a part of the scheme that **Gayle Hassan Al-Said** would tell her investors that their investments were just about to come together and generate a profit. She also told them that their investments were secure and that they should be patient. In fact, as she well knew, she did not use the investors' funds as she had represented to them that she would, and their investments were not about to come together or generate a profit.

8. It was also a part of the scheme that **Gayle Hassan Al-Said** would repay short-term loans provided to her by the investors with funds that the investors had previously invested with her.

9. On or about March 5, 2010, **Gayle Hassan Al-Said**, defendant herein, did, for the purpose of executing the scheme, knowingly cause to be transmitted by wire in interstate commerce funds in the amount of $76,125.37, which were transferred from an account of Investor A at a branch of Huntington National Bank, in the Eastern District of Michigan, Southern Division, to an account at a branch of JPMorgan Chase Bank in the State of California, in violation of Section 1343 of Title 18 of the United States Code.

## COUNT TWO
(18 U.S.C. § 1343 – Wire Fraud)

D-1    GAYLE HASSAN AL-SAID

10. Paragraphs One through Eight Count One are hereby realleged and incorporated by reference.

11. On or about March 12, 2010, **Gayle Hassan Al-Said**, defendant herein, did, for the purpose of executing the scheme, knowingly cause to be transmitted by wire in interstate commerce funds in the amount of $1 million, which were transferred from an account of Investor A at a branch of Bank of America, in the Eastern District of Michigan, Southern Division, to an account at a branch of Bank of America in the State of Georgia, in violation of Section 1343 of Title 18 of the United States Code.

## COUNT THREE
(18 U.S.C. § 1343 – Wire Fraud)

D-1    GAYLE HASSAN AL-SAID

12. Paragraphs One through Eight of Count One are hereby realleged and incorporated by reference.

13. On or about May 5, 2010, **Gayle Hassan Al-Said**, defendant herein, did, for the purpose of executing the scheme, knowingly cause to be transmitted by wire in interstate commerce funds in the amount of $300,000.00, which were transferred from an account of Investor B at a branch of Fifth Third Bank, in the Eastern District of Michigan, Southern Division, to an account at a branch of Union Bank in the State of California, in violation of Section 1343 of Title 18 of the United States Code.

## COUNT FOUR
(18 U.S.C. § 1343 – Wire Fraud)

D-1   GAYLE HASSAN AL-SAID

14. Paragraphs One through Eight of Count One are hereby realleged and incorporated by reference.

15. On or about September 25, 2010, **Gayle Hassan Al-Said**, defendant herein, did, for the purpose of executing the scheme, knowingly cause to be transmitted by wire in interstate and foreign commerce from a location outside of the State of Michigan to Investor B,

- 7 -

in the Eastern District of Michigan, Southern Division, a document printed on the letterhead of SCSSA, and signed by Gayle Hassan Al-Said as the Chairman and CEO of SCSSA, that stated that SCSSA intends "to participate in[] a bank secured Private Placement Transaction" in the amount of $1 million cash; that made false representations about the $1 million, including the statement that it was "free and clear of all liens, encumbrances and third party interests;" that made false representations about the income and assets of SCSSA, including the statement that SCSSA had liquid assets that included 100 million euros, a 50 billion yen security, and over $875 million in gold bonds; and that made false representations about herself, including the statement that her net worth exceeded $2 billion, in violation of Section 1343 of Title 18 of the United States Code.

### COUNT FIVE
(18 U.S.C. § 1343 – Wire Fraud)

D-1   GAYLE HASSAN AL-SAID

16. Paragraphs One through Eight of Count One are hereby realleged and incorporated by reference.

17. On or about February 24, 2011, **Gayle Hassan Al-Said**, defendant herein, did, for the purpose of executing the scheme, knowingly cause to be transmitted by wire in interstate and foreign commerce from a location outside of the State of Michigan to Investor B, in the Eastern District of Michigan, Southern Division, an email that falsely stated that Swedish Commerce Savings and Loan, which she had represented to be a financial institution that she was the Chairman and CEO of, had assets of over $4 billion, in violation of Section 1343 of Title 18 of the United States Code.

**COUNT SIX**
(18 U.S.C. § 1343 – Wire Fraud)

D-1   GAYLE HASSAN AL-SAID

18. Paragraphs One through Eight of Count One are hereby realleged and incorporated by reference.

19. On or about March 17, 2011, **Gayle Hassan Al-Said**, defendant herein, did, for the purpose of executing the scheme, knowingly cause to be transmitted by wire in interstate and foreign commerce from a location outside of the State of Michigan to Investor A, in the Eastern District of Michigan, Southern Division, an email that stated in part, "Great news, the banker is to be back next week, and with the Grace of God we will do our first transfer Wednesday and payment on Friday," in violation of Section 1343 of Title 18 of the United States Code.

## COUNT SEVEN
(18 U.S.C. § 1343 – Wire Fraud)

D-1  GAYLE HASSAN AL-SAID

20. Paragraphs One through Eight of Count One are hereby realleged and incorporated by reference.

21. On or about August 28, 2011, **Gayle Hassan Al-Said**, defendant herein, did, for the purpose of executing the scheme, knowingly cause to be transmitted by wire in interstate and foreign

commerce from a location outside of the State of Michigan to Investors A and B, in the Eastern District of Michigan, Southern Division, an email that stated in part, "[O]ur friend told me it was not safe to talk on the phone and why.  Therefore I will see you in 3 weeks but you will have it in 2.5 weeks[.]  I keep my promises," in violation of Section 1343 of Title 18 of the United States Code.

### COUNT EIGHT
(18 U.S.C. § 1343 – Wire Fraud)

D-1    GAYLE HASSAN AL-SAID

22.  Paragraphs One through Eight of Count One are hereby realleged and incorporated by reference.

23.  On or about April 21, 2012, **Gayle Hassan Al-Said**, defendant herein, did, for the purpose of executing the scheme, knowingly cause to be transmitted by wire in interstate commerce an email that was sent to Investors A and B, in the Eastern District of Michigan, Southern Division, which stated:

> Attached please find the attorney th[a]t I have asked to handle the wiring of the repayment of the loans made to me

by you.  Both the $1.1 Mln and the $300,000 respectively.  Please advise the accounts that you want the funds to remit to as they shall be wired internally inside the USA directly to your accounts as you have asked me to do.  Send the details both to [the attorney] and myself at your convenience anytime this week or early next week.  The wires are to be expected shortly.  Thank you for all of your wonderful support these past 2 years, and with hopes for a long and prosperous relationship and future endeavors.

All in violation of Section 1343 of Title 18 of the United States Code.

                                THIS IS A TRUE BILL.

                                s/Grand Jury Foreperson
                                *Grand Jury Foreperson*

BARBARA L. MCQUADE
*United States Attorney*

s/ John K. Neal
JOHN K. NEAL
*Assistant United States Attorney*
Chief, White Collar Crime Unit

 s/Ross I. MacKenzie
ROSS I. MACKENZIE
*Assistant United States Attorney*
211 West Fort Street, Suite 2001
Detroit, Michigan   48226-3220
phone:   313-226-9680
e-mail:   ross.mackenzie@usdoj.gov
bar no.:   P29371

 s/Stephen L. Hiyama
STEPHEN L. HIYAMA
*Assistant United States Attorney*
211 West Fort Street, Suite 2001
Detroit, Michigan   48226-3220
phone:   313-226-9674
e-mail:   stephen.hiyama@usdoj.gov
bar no.:   P32236

Date:  June 9, 2015

| United States District Court<br>Eastern District of Michigan | Criminal Case Cov— | Case: 2:15-cr-20339<br>Judge: Cleland, Robert H.<br>MJ: Grand, David R.<br>Filed: 06-09-2015 At 04:35 PM<br>INDI USA V. AL-SAID (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comp—

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008  [ ]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes   ☒ No | AUSA's Initials: _SLH_ |

**Case Title:** USA v. Gayle Hassan Al-Said

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

✓ Indictment/____ Information --- **no** prior complaint.
____ Indictment/____ Information --- based upon prior complaint [Case number:                    ]
____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____   **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

June 9, 2015
_____
Date

Stephen L. Hiyama
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9674
Fax:   313-226-0816
E-Mail address: Stephen.Hiyama@usdoj.gov
Attorney Bar #: P32236

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.        04/13